# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 20-293-PWG** |
| | : | |
| **DOMINIQUE BELL** | : | |
| | : | |
| **Defendant** | : | |

___

## MOTION TO SUPPRESS EVIDENCE SEIZED FROM VARIOUS STOPS AND SEARCHES OF THE DEFENDANT

COMES NOW, the Defendant, Dominique Bell, by and through his attorneys Michael E. Lawlor, and Nicholas G. Madiou, Brennan, McKenna & Lawlor, Chtd., and requests that this Honorable Court suppress any and all evidence seized as a result of any and all stops and/or arrests of Mr. Bells. In support of this Motion, counsel state the following:

1. Mr. Bell is charged by Second Superseding Indictment with sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. § 1591(a)(1) & (b)(1) ("Count One"); and two counts of coercion and enticement, in violation of 18 U.S.C. § 2422(a) ("Counts Two and Three").

2. Discovery provided to date indicates that Mr. Bell was stopped and/or arrested in or about November 2018 and on or about April 22, 2019.

3. Mr. Bell challenges the propriety of each stop and/or arrest, and any other stop or arrest of him conducted by law enforcement, and moves to suppress all

1

evidence, both physical and otherwise, that resulted therefrom.

4.     The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. An officer may stop and briefly detain a person for investigative purposes when there is "reasonable suspicion," based on articulable facts, that criminal activity is afoot. *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000); *Terry v. Ohio*, 392 U.S. 1, 30 (1968). A warrantless arrest is permitted only when there is probable cause to believe a crime is being or has been committed by the arrested individual, based upon "the totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). Generally, evidence seized as a result of an illegal stop or arrest is excludable. *Wong Sun v. United States*, 371 U.S. 471 (1963).

5.     Mr. Bell contends that each stop and/or arrest was conducted in violation of his rights under the Fourth Amendment, in that officers did not have requisite probable cause to effectuate his arrest. Accordingly, Mr. Bell moves to suppress all evidence that resulted as a fruit of any stop and/or arrest.

6.     For the reasons stated above and those that will be presented at a hearing on this matter, Mr. Bell requests that any and all evidence seized as a result of his stop and/or arrest be suppressed.

Respectfully submitted,

/s/

_____
Michael E. Lawlor, Esq.
Nicholas G. Madiou, Esq.
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
301.474.0044
mlawlor@verizon.net
nmadiou@brennanmckenna.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2021, a copy of the foregoing was sent to the United States Attorney's Office for the District of Maryland, via ECF.

/s/

_____
Michael E. Lawlor